IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY LEE ZASTERA,                                        CV. 08-434-MA

           Petitioner,                          OPINION AND ORDER

    v.

FRANK THOMPSON,

           Respondent.

ANTHONY D. BORNSTEIN
Federal Public Defenders Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

JOHN KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street
Salem, OR 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner Jerry Lee Zastera, an inmate in the custody of the

Oregon Department of Corrections, brings this habeas corpus

proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

**BACKGROUND**

Petitioner was charged with numerous crimes arising out of three separate incidents occurring in Tillamook County.  The first incident occurred on January 22, 2000, involving Janet Keller. Petitioner was indicted on Burglary in the First Degree, Attempted Rape in the First Degree, six counts of Sexual Abuse in the First Degree, two counts of Menacing, and four counts of Harassment in Case No. 00-1217.

The second incident occurred on June 22-23, 2000, and involved petitioner's then girlfriend, Lisa Colvin.  Petitioner was indicted on two counts of Rape in the First Degree, one count of Assault in the Fourth Degree, two counts of Attempted Murder, two counts of Menacing, one count of Assault in the Second Degree, and two counts of Burglary in the First Degree in Case No. 00-1208.

The third incident was alleged to have occurred in February 2000, and also involved Colvin (Case No. 00-6188, Harassment). Petitioner was acquitted of those charges and arguments concerning Case No. 00-6188 are not before this court.  (See Resp. Exh. 104, p.6 n.1.)

The cases were joined and proceeded to trial. Petitioner's trial counsel moved to sever Case No. 00-1208 from Case No. 00-1217.  The trial court denied the motion.

At trial, the evidence showed that petitioner telephoned Janet Keller on January 22, 2000. Petitioner asked Keller if he could come over to Keller's home to discuss some plans he had for remodeling and repairing the house in which he was staying that was owned by Keller's father-in-law. Keller told petitioner not to come to her home. Keller was alone at her home with her three year old granddaughter.

Petitioner showed up at Keller's home and stated that he could not wait to see her again. Petitioner then pushed the door open. Petitioner showed Keller some rough drawings and then asked to wash his hands. While washing his hands, petitioner told Keller that he had gone to prison for murder, made bombs that were used to kill people, he was a drug smuggler, he knew people in Columbia and Peru, and was able to have people killed.

Petitioner then grabbed Keller and held her to him. Petitioner touched Keller's buttocks and rubbed his pelvis on Keller's stomach and breasts. Petitioner released Keller, but repeated these actions twice more.

Keller's granddaughter then began screaming, and petitioner said the granddaughter needed a hug. Keller said no, and put the granddaughter in a corner, blocking petitioner with her body in an attempt to keep petitioner from touching her granddaughter. Petitioner was able to rub the granddaughter on the cheeks and arm. Then, Keller's husband returned home and petitioner left.

3 - OPINION AND ORDER

The evidence at trial also showed that on June 23, 2000, petitioner's girlfriend, Lisa Colvin, asked a neighbor, Richard Kliewer to buy her some cigarettes and beer. When Colvin gave him money for the items, she also included a note which stated "Rick, please listen to my house tonight. He beat me up last night and threatened to kill me. Today he has been drinking whiskey and really scares me. The kids are gone for the night so there's no one here for me. Thanks a lot. Lisa." Kliewer did not ask Colvin about the note.

That evening, Colvin went to Kliewer's house, crying and panicked. After letting Colvin in, petitioner arrived at Kliewer's back door. Petitioner motioned for Kliewer to be quiet, and petitioner entered Kliewer's house. Petitioner was carrying a large knife in a sheath in his back pocket. Kliewer ordered petitioner to leave when he saw the knife, but petitioner pulled the knife out, and asked Kliewer "what do you think of this?" As Kliewer backed away, petitioner lunged trying to stab him. Kliewer pulled down attic stairs onto petitioner's head, then used a boogie board as a shield to push petitioner out of the house.

Petitioner's trial counsel moved for a judgment of acquittal on all charges. The trial court granted the motion with respect to the charges of Attempted Rape of Keller in Case No. 00-1217, and Attempted Murder of Colvin and Assault in the Second Degree of Kliewer in Case No. 00-1208.

In Case No. 00-1217 concerning the January 22, 2000 incident with Keller, the jury found petitioner guilty of Burglary in the First Degree, four counts of Harassment, and six counts of Sexual Abuse in the Third Degree.  Petitioner was acquitted of Menacing against the granddaughter and Sexual Abuse in the First Degree against Keller.  In Case No. 00-1208 concerning the June 22-23, 2000 incident with Colvin and Kliewer, the jury found petitioner guilty of Burglary in the First Degree, Attempted Assault in the Second Degree, two counts of Menacing, and Assault in the Fourth Degree.  Petitioner was acquitted of Attempted Murder of Kliewer and two counts of Rape in the First Degree against Colvin.

Petitioner was sentenced to a total of 146 months imprisonment, followed by three years of supervised release.  This sentence included 40 months for the Burglary in Case No. 00-1217, an upward departure sentence of 100 months for the Burglary in Case No. 00-1208, and six months for the Assault IV in Case No. 00-1208, to run consecutively.  All other sentences ran concurrently.  The sentencing court found the upward departure based on a threat of or actual violence toward a witness or victim, persistent involvement in similar offenses, and that petitioner was on parole when the crimes were committed.  (Resp. Exh. 101.)

On direct appeal, petitioner assigned error only to the trial court's denial of his motion to sever the cases.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court

denied review.  State v. Zastera, 191 Or. App. 399, 84 P.3d 1133, rev. denied, 337 Or. 160, 94 P.3d 876 (2004).

Petitioner subsequently sought post-conviction relief *pro se*, alleging that trial counsel was ineffective in failing to object to the trial court's upward departure and consecutive sentence, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).  The PCR court appointed an attorney and granted an extension to file an amended petition.  Defendant later moved to dismiss the PCR petition because the initial petition lacked any supporting evidence in violation of O.R.S. § 138.580 and because an amended petition was never filed.  Petitioner's counsel opposed that motion, and purported to file a "First Memorandum in Support of Petition."

At the PCR hearing, the PCR court dismissed the PCR petition because it did not comport with O.R.S. § 138.580 and found that the supporting memorandum was never filed with the court. Alternatively, the PCR court determined that the claims were meritless. (Resp. Exh. 125.) The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Zastera v. Blacketter, 217 Or. App. 428, 175 P.3d 1028, rev. denied, 344 Or. 110, 178 P.3d 249 (2008). While petitioner's PCR case was pending at the Oregon Court of Appeals, petitioner filed a second petition for post-conviction relief.  The PCR court dismissed the second petition as successive and untimely. (Resp.

Exh. 121, p. 7-8.)  Petitioner voluntarily dismissed that appeal.

## DISCUSSION

Respondent moves to deny habeas corpus relief on the basis that the state court's denial of ground one is entitled to deference under 28 U.S.C. § 2254(d) and that grounds two, three, and four are procedurally defaulted.  In the briefing to this court, petitioner discusses only the merits of ground one, apparently conceding the remaining claims are procedurally defaulted.

### I.    **Ground One-Failure to Sever.**

Petitioner asserts that his due process rights to a fair trial and to testify in his own defense were violated when the trial court denied his motion to sever Case No. 00-1217 involving Keller from Case No. 00-1208 involving Colvin and Kliewer.  Petitioner moved to sever the cases before trial arguing that joinder of the cases would result in prejudice because the evidence in one case would not be admissible in the other, that the joinder of sex crimes was inflammatory, and that his ability to testify in his own defense was impaired because he wanted to testify in one case, but not the other.  According to petitioner, the state court's decision was unreasonable under § 2254(d)(1).

Respondent submits that habeas relief is not warranted because the state court decision is entitled to deference. Respondent is correct.

Under 28 U.S.C. § 2254(d)(1), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

To establish an "unreasonable application" under § 2254(d)(1), petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect, but objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); Davis v. Woodford, 384 F.3d 628, 637-38 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005).

A writ of habeas corpus may be granted only if the joinder of the cases resulted in an unfair trial. Sandoval v. Calderon, 241 F.3d 765, 772 (9th Cir. 2000), cert. denied, 534 U.S. 847, and cert. denied, 534 U.S. 943 (2001). There is no prejudicial violation unless "'simultaneous trial of more than one offense ... actually renders petitioner's state trial fundamentally unfair and hence, violative of due process.'" Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir. 1991), quoting Tribbitt v. Wainwright, 540 F.2d 840, 841 (5th Cir. 1976), cert. denied, 430 U.S. 910 (1977). To

establish prejudice, petitioner must demonstrate that the "impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict." <u>Sandoval</u>, 241 F.3d at 772; <u>Bean v. Calderon</u>, 163 F.3d 1073, 1086 (9th Cir. 1998), <u>cert. denied</u>, 528 U.S. 922 (1999).

**A.    Prejudice.**

The Ninth Circuit has recognized that the risk of prejudice is greatest where the joinder of counts allows cross-admissibility of evidence, and there is a "danger of 'spill-over' from one charge to another, especially where one charge or set of charges is weaker than another." <u>Davis</u>, 384 F.3d at 638.  In such cases, it may be difficult for the jury to compartmentalize the damaging information. <u>Sandoval</u>, 241 F.3d at 772.  The risk of prejudice is reduced where the evidence in each crime is simple, distinct and straightforward.  <u>Bean</u>, 163 F.3d at 1084.

After a thorough review of the record in this case, it is clear that petitioner was not prejudiced by the joinder of the case involving Keller with the case involving Colvin and Kliewer. Concerning Case No. 00-1217, Janet Keller testified convincingly about the incident occurring in her home.  Several other witnesses confirmed that Keller was upset about the incident, and that petitioner's explanation that he had merely given Keller a "Christian hug" seemed amiss.

Concerning Case No. 00-1208, Kliewer described the incident with petitioner in his home with the knife in great detail. And, although Colvin testified at trial that she did not recall that petitioner threatened Kliewer with a knife, the prosecution presented a 9-1-1 call made by Colvin from Kliewer's house on June 23, 2000 in which she stated petitioner had a knife. Additionally, the prosecution presented testimony from several police officers who arrived at the scene on June 23, 2000 and whom Colvin told at the time that petitioner threatened Kliewer with a knife.

Thus, the evidence presented in each case was comparatively strong, and essentially turned on the credibility of the witnesses presented. Sandoval, 241 F.3d at 772-74 (credibility an issue for the jury; joinder was proper). It is clear that the jury credited Keller's and Kliewer's testimony. Petitioner has not established that the state joined a weak case with a strong case in order to obtain convictions in both. Id.; Bean, 163 F.3d at 1085.

Although the evidence concerning Keller would not have been admissible in the case concerning Colvin and Kliewer, the cases were presented in a straightforward and distinct manner. Here, the witnesses and facts concerning Case No. 00-1217 and Keller were separate from Case No. 00-1208 concerning Colvin and Kliewer, aiding the jury's ability to compartmentalize the information. See Bean, 163 F.3d at 1085; Davis, 384 F.3d at 639. Moreover, petitioner has not identified any instances where the prosecution

encouraged the jury to consider the evidence in one case as evidence of his wrongdoing in the other. See Bean, 163 F.3d at 1085 (finding prejudice by joinder of claims where prosecution repeatedly argued that evidence established a modus operandi).

Additionally, to show prejudice from consolidation of an allegedly inflammatory count, petitioner must show that the jury was actually inflamed. Park v. State of California, 202 F.3d 1146, 1150 (9th Cir. 2000). Here, petitioner was acquitted of arguably the most inflammatory charges of rape against both Keller and Colvin, as well as the attempted murder charges against Colvin and Kliewer. Instead, the jury found petitioner guilty of lesser included charges of Sexual Abuse and Burglary. "[T]he failure of the jury to convict on all counts is the best evidence of the jury's ability to compartmentalize the evidence." Id. (internal quotations omitted); accord United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir. 1987), cert. denied, 488 U. S. 974 (1988). Petitioner identifies no evidence for this court from which it could conclude that the jury was inflamed.

And lastly, the jury here was carefully instructed. The instructions included specifics pertaining to each element of each count and identified a victim for each count, mitigating any potential for prejudice. See Davis, 384 F.3d at 628. Petitioner has presented no evidence demonstrating that the jury had difficulty following those instructions, and this court finds none.

11 - OPINION AND ORDER

In summary, in light of the comparative strength of each case, the distinct evidence presented in each case, petitioner's acquittal on the most serious charges, and the specific instructions, I conclude that the trial court's refusal to sever the cases did not render petitioner's trial fundamentally unfair. Accordingly, the court's rejection of petitioner's claim was not contrary to, or an unreasonable application of, any clearly established Federal law as determined by the United States Supreme Court.  See 28 U.S.C. § 2254(d).

**B.    Right to testify.**

To obtain severance due to a prejudicial effect on a defendant's right to testify, petitioner must demonstrate that he has important testimony to give concerning some of the charges and a strong need to refrain from testifying on others.  United States v. Nolan, 700 F.2d 479, 483 (9th Cir.), cert. denied, 462 U.S. 1123 (1983); United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980).  Petitioner's generalized assertions fail to meet this standard.

Before trial, petitioner's counsel insisted that petitioner wished to testify in Case No. 00-1217 concerning Keller because there were no other witnesses to refute the state's evidence. Petitioner provided an affidavit in which he stated that he wished to offer his version of the events, despite the impact of his impeachment with his prior offenses.  (Resp. Exh. 104.)  In that

same affidavit, petitioner also averred that it was unnecessary for
him to testify in Case. No. 00-1208 because Colvin would refute the
state's case, and that he did not want to testify because he could
be impeached with his prior convictions. (Id.) Ultimately,
petitioner did not testify at trial.

Petitioner's statement that he wanted to testify in Case No.
00-1217 does not satisfy his burden. Petitioner failed to offer
any specific exculpatory evidence that he wished to present in his
defense to the trial court. Armstrong, 621 F.2d at 954; accord
United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004)(requiring
defendant to present particularized facts and how his testimony
would further his defense). Petitioner also has not identified any
decision in which severance was granted so that a defendant could
testify in one case and subject himself to impeachment, and yet
avoid impeachment in another. To be sure, the court is not
required to preserve a defendant's strategic choices. Nolan, 700
F.2d at 483 (joinder proper where Nolan stated generally he would
provide exculpatory testimony and wanted to refrain from testifying
because his testimony could be used in a subsequent prosecution).
In short, I cannot conclude that the evidence presented to the
trial court warranted severance.

Petitioner has failed to demonstrate that he had important
testimony to offer in one case and needed to refrain from
testifying in the other amounting to a constitutional violation

13 - OPINION AND ORDER

requiring severance. Accordingly, the court's rejection of petitioner's claim was not contrary to, or an unreasonable application of any clearly established Federal law as determined by the United States Supreme Court. See 28 U.S.C. § 2254(d).

## II.  __Procedurally Defaulted Claims__.

Respondent correctly submits that grounds two, three and four are procedurally defaulted. Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000).

A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of the law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal." Baldwin, 541 U.S. at 32. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). A petitioner also must have presented his federal claims to the state courts in a procedural context in which the merits of the claim will be considered. Castille v. Peoples,

489 U.S. 346, 351-52 (1989).  Where a petitioner has defaulted his federal claims in state court pursuant to "an independent and adequate state procedural rule," federal habeas review is barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (2008); cert. denied, 129 S. Ct. 1033 (2009).

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750; Cook, 538 F.3d at 1025.

A.    Ground Two.

In ground two, petitioner asserts five separate claims of ineffective assistance of counsel:  (a) counsel failed to argue to the jury that the state did not prove intent and/or all elements of the crime; (b) counsel failed to object to consecutive sentences under Apprendi; (c) counsel failed to object to a departure sentence; (d) counsel failed to properly investigate and obtain exculpatory evidence; and (e) counsel failed to object to prosecutorial misconduct.

Petitioner did not fairly present claims (b) and (c) to the state court in his post-conviction proceeding.  The state court rejected petitioner's petition for relief on the grounds that it failed to comport with O.R.S. § 138.580, which requires that supporting documentary evidence be submitted with the petition.  In

short, petitioner's claims were rejected based upon an independent and adequate state procedural rule, and are procedurally defaulted. <u>Coleman</u>, 501 U.S. at 750; <u>Carriger v. Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992), <u>cert. denied</u>, 507 U.S. 992 (1993).

Petitioner's remaining ineffective assistance of counsel claims in (a), (d) and (e) have not been exhausted because they were not raised in petitioner's first petition for post-conviction relief. The time for raising such claims has expired, and thus the claims are procedurally defaulted.[1] <u>See Carriger</u>, 971 F.2d at 333; O.R.S. § 138.550(3).

Petitioner does not assert cause and prejudice to excuse his procedural default, or contend that failure to consider his ineffective assistance claims will result in a miscarriage of justice, and therefore habeas relief is not warranted on ground two.

**B.  Ground Three.**

In ground three, petitioner contends his federal constitutional rights were violated when he received an unlawful upward departure and consecutive sentence, relying on <u>Apprendi</u> and <u>Blakely</u>. This claim should have been raised on direct appeal but was not, and thus was not fairly presented to Oregon's highest

---

[1]Petitioner attempted to raise grounds (a) and (d) in a successive PCR petition. However, that petition was dismissed, and petitioner did not pursue an appeal of the successive PCR petition.

court.   See Palmer v. State, 318 Or. 352, 356-58, 867 P.2d 1368
(1994).   Ground  three  is  procedurally  defaulted.   Petitioner
asserts no basis to excuse his procedural default and habeas relief
is precluded.

     **C.   Ground Four.**

In  ground  four,  petitioner  alleges  he  was  denied  equal
protection,  due  process,  and  fundamental  fairness  when  the  post-
conviction  court  dismissed  his  PCR  petition  with  prejudice.   These
issues  were  not  asserted  in  petitioner's  appeal  from  the  PCR
court's  decision,  and  thus  ground  four  is  not  exhausted.   Because
petitioner  is  now  barred  from  raising  these  grounds  in  state  court,
and  he  offers  no  basis  to  excuse  his  procedural  default,  habeas
relief  is  precluded.

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _21_ day of DECEMBER, 2009.


__/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge